UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH A. KRIZ, FIRST AMERICAN TITLE INSURANCE COMPANY and ATANAS GORANOV<br><br>Defendants. | Case No. _____ |

### COMPLAINT FOR DECLARATORY JUDGMENT

Continental Casualty Company ("Continental"), for its Complaint for Declaratory Judgment, alleges on knowledge, information and belief as follows:

### NATURE OF THE ACTION

1.  Continental files this action to obtain a judicial determination and declaration as to the parties' rights and obligations under Lawyers Professional Liability Policy No. 287034795 issued by Continental to Joseph A. Kriz ("Kriz") for the **policy period**[1] June 23, 2007 to June 23, 2008 (the "Policy"). A true and correct copy of the Policy (without the application) is attached hereto as Exhibit A.

2.  An actual and justiciable controversy has arisen and now exists relating to the parties' respective rights, duties and obligations under the Policy.

3.  In particular, Continental seeks a declaratory judgment (i) that there is neither coverage for nor a duty to defend Kriz against **claims** tendered under the Policy in connection

---

[1] Terms that appear in bold in this Complaint also appear in bold and are defined in the Policy and carry the same meaning herein.

with seven lawsuits filed against Kriz captioned *First American Title Insurance Co. v. Kriz* (Conn. Super. Ct.) and one suit filed against Kriz captioned *Goranov v. Kriz* (Conn. Super. Ct.); and (ii) that Continental is entitled to recover amounts paid for **claim expenses** in connection these matters.

### PARTIES

4.  Plaintiff Continental is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located in Chicago, Illinois. Continental legally transacts insurance business in the State of Connecticut and within the geographical jurisdiction of this Court

5.  Defendant Kriz is an attorney formerly licensed to practice law in the State of Connecticut doing business as a sole proprietorship, and his office is located at 396 Danbury Road, Wilton, Connecticut 06897.

6.  Defendant First American Title Insurance Company ("First American") is a corporation organized and existing under the laws of the State of California, with its principal place of business in Santa Ana, California. First American is joined as a defendant in this action because it seeks judgment against Kriz, for which coverage has been requested under the Policy.

7.  Defendant Atanas Goranov is a resident of Darien, Connecticut. Mr. Goranov is joined as a defendant in this action because he seeks judgment against Kriz, for which coverage has been requested under the Policy.

### JURISDICTION AND VENUE

8.  This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the Federal Rules of Civil Procedure 57, for the purposes of determining a question of actual controversy between the parties as hereinafter more fully appears.

9. This action is currently ripe for adjudication.

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332. There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Kriz, First American and Mr. Goranov maintain a place of business and/or reside in this District, and a substantial part of the events giving rise to the **claims** at issue occurred in this District.

## FACTUAL ALLEGATIONS

### The Policy

12. Continental issued the Policy, which is a claims made and reported policy, to Kriz for the **policy period** June 23, 2007 to June 23, 2008.

13. The Policy has a $2,000,000 each **claim** limit of liability and a maximum aggregate limit of liability of $2,000,000, inclusive of **claim expenses**.

14. The insuring agreement in the Policy provides, in relevant part, that:

> The **Company** agrees to pay on behalf of the **Insured** all sums in excess of the deductible that the **Insured** shall become legally obligated to pay as **damages** and **claim expenses** because of a **claim** that is both first made against the **Insured** and reported in writing to the **Company** during the **policy period** by reason of an act or omission in the performance of **legal services** by the **Insured** or by any person for whom the **Insured** is legally liable, provided that:
>
> . . .
>
> 3.   prior to:
>
>      a.   the inception date of the first policy issued by the **Company** or any subsidiary or affiliate of the **Company**, if continuously renewed . . .

3

> . . . no **Insured** had a basis to believe that any such act or omission, or **related act or omission**, might reasonably be expected to be the basis of a **claim**.

Policy, Section I.A.

15. The Policy defines the term **related acts or omissions** as "all acts or omissions in the rendering of **legal services** that are temporally, logically or causally connected by any common fact, circumstance, situation, transaction, event, advice or decision." *Id.*, Section III.O.

16. The first policy that Continental issued to Kriz was Lawyers Professional Liability Policy No. 287034795 issued to Kriz for the **policy period** June 23, 2006 to June 23, 2007 (the "Initial Policy").

17. Exclusion IV.A in the Policy provides that:

> This Policy does not apply:
>
> A. to any **claim** based on or arising out of any dishonest, fraudulent, criminal or malicious act or omission by an **Insured** except that this exclusion shall not apply to **personal injury**. The **Company** shall provide the **Insured** with a defense of such **claim** unless or until the dishonest, fraudulent, criminal or malicious act or omission has been determined by any trial verdict, court ruling, regulatory ruling or legal admission, whether appealed or not. Such defense will not waive any of the **Company's** rights under this Policy. Criminal proceedings are not covered under this Policy regardless of the allegations made against the **Insured**;

*Id.*, Section IV.A.

**The Underlying Lawsuits**

18. First American filed seven lawsuits against Kriz captioned *First American Title Insurance Co. v. Kriz* (Conn. Super. Ct.) in May 2008 (the "First American Actions"). Copies of these complaints are attached hereto as Exhibits B through H.

4

19. The complaints filed by First American allege that Kriz issued title insurance policies and Closing Protection Letters in First American's name while serving as closing attorney for sales, financings and refinancings of property.

20. In connection with certain closings in 2006 through 2008, First American alleges that Kriz improperly failed to disburse loan proceeds entrusted to him to pay off prior liens, mortgages or encumbrances.

21. First American asserts that it is subrogated to the rights of the damaged owners and lenders involved in these transactions and seeks recovery of compensatory and punitive damages, attorneys' fees, costs and interest. The complaints allege negligence and violation of the Connecticut Unfair Trade Practices Act.

22. Mr. Goranov filed a lawsuit filed against Kriz captioned *Goranov v. Kriz* (Conn. Super. Ct.) in May 2008 (the "Goranov Action"). A copy of the complaint is attached hereto as Exhibit I.

23. Mr. Goranov alleges that he purchased property in a transaction in which Kriz acted as counsel for the seller. Mr. Goranov further alleges that Kriz promised to deliver funds to the seller's mortgagee so that Mr. Goranov would receive free title, but that Kriz failed to do so.

24. Mr. Goranov seeks recovery for compensatory damages, interest, legal fees and expenses and costs.

25. Kriz tendered the First American Actions and the Goranov Action (together, the "Underlying Lawsuits") for coverage under the Policy, and Continental is providing Kriz a defense in the Underlying Lawsuits, subject to a reservation of rights.

**The Criminal Charges Against Kriz and Guilty Plea**

26.     Continental only recently discovered that Kriz pled guilty to federal conspiracy and fraud charges in connection with a mortgage fraud scheme on August 4, 2008. *See U.S.A. v. Kriz*, No. 3:08-cr-00171-JCH (D. Conn.) (the "Criminal Matter"), Information, Waiver of Indictment, Minute Entry, Consent Form, Findings and Recommendations and Transcript of Proceedings, attached hereto as Exhibits J through O, respectively. Judge Hall adopted, ratified and affirmed the Findings and Recommendations as to Kriz and Kriz's sentencing is currently scheduled for June 19, 2009. *See id.*, Docket, Entries 9 and 22, attached hereto as Exhibit P.

27.     Kriz pled guilty to conspiring to defraud federally insured financial institutions, title companies, lenders, clients and others from about January 2005 through March 2008. *See* Information at ¶ 4. As part of the fraudulent scheme, Kriz and co-conspirators retained mortgage payoff payments of his clients by falsely representing that he had paid off the mortgages and falsified loan applications by altering existing documents and falsifying income information contained in the loan applications. *See id.* at ¶¶ 6-13.

28.     The conspiracy involved five overt acts, four of which involve Kriz's representation of homeowners in selling or refinancing their homes. In these transactions, Kriz failed to use funds entrusted to him to pay off an existing mortgage on the property. *See* Information at ¶¶ 10-13; Transcript of Proceedings at pp. 28-31, 35-39.

29.     With respect to the second count for fraud in loan and credit applications, Kriz admitted that in October 2006 he willfully overvalued the value and square footage of property on a loan application submitted to IndyMac Bank. *See* Information at ¶ 16; Transcript of Proceedings at pp. 34-36.

30.     With respect to the third count for mail fraud, Kriz pled guilty to charges that from November 2006 to February 2008 he defrauded First American by sending it a title

6

insurance policy that represented that a refinancing mortgage was the primary lien on a property, when in fact he had not paid off the first mortgage. *See* Information at ¶¶ 18-19; Transcript of Proceedings at p. 36.

## COUNT I

### For a Declaration that There Is No Coverage Pursuant to Section I.A.3 of the Policy and to Recover Amounts Paid Under the Policy

31. Continental realleges and incorporates by reference Paragraphs 1-30 of this Complaint as if fully set forth herein.

32. As set forth above, Kriz took part in a criminally fraudulent conspiracy in connection with the above-described mortgage scheme beginning in January 2005.

33. To the extent that the acts and omissions at issue in the Criminal Matter and the Underlying Lawsuits are not identical, Kriz's admitted criminal conduct and the acts and omissions at issue in the Underlying Lawsuits constitute **related acts or omissions** as that term is defined in the Policy.

34. Kriz had a basis to believe, prior to the inception of the Initial Policy, that the acts and omissions at issue in the Underlying Lawsuits, or **related acts or omissions**, might reasonably be expected to be the basis of a **claim**.

35. The Policy therefore affords no coverage for the Underlying Lawsuits or for any **claims** that have been or could be asserted against Kriz in connection with the acts and omissions at issue in the Underlying Lawsuits and/or the Criminal Matter.

36. As a consequence of the absence of coverage for the Underlying Lawsuits, any **claim expenses** advanced under the Policy constitute unjust enrichment to which Kriz would not be entitled. Continental therefore seeks reimbursement of the **claim expenses** advanced under the Policy that were unjustly received in connection with the Underlying Lawsuits.

## COUNT II

### For a Declaration that There Is No Coverage
### Pursuant to Section IV.A of the Policy and to Recover Amounts Paid Under the Policy

37.     Continental reallages and incorporates by reference Paragraphs 1-30 of this Complaint as if fully set forth herein.

38.     Exclusion IV.A of the Policy bars coverage for any **claims** in connection with the Underlying Lawsuits or the Criminal Matter. Exclusion IV.A provides that:

> This Policy does not apply:
>
> A.  to any **claim** based on or arising out of any dishonest, fraudulent, criminal or malicious act or omission by an **Insured** except that this exclusion shall not apply to **personal injury**. The **Company** shall provide the **Insured** with a defense of such **claim** unless or until the dishonest, fraudulent, criminal or malicious act or omission has been determined by any trial verdict, court ruling, regulatory ruling or legal admission, whether appealed or not. Such defense will not waive any of the **Company's** rights under this Policy. Criminal proceedings are not covered under this Policy regardless of the allegations made against the **Insured**;

Policy, Section IV.A.

39.     As described above, the Underlying Lawsuits arise out of Kriz's admitted criminally fraudulent conduct.

40.     As a result of Kriz's admitted fraudulent conduct described in this Complaint, Continental is entitled to a declaration that the Policy provides no coverage for any **claims** that have been or could be asserted against Kriz in connection with the Underlying Lawsuits or the Criminal Matter, and that Continental has no duty to defend or indemnify Kriz against those **claims**.

41.     Because there is no coverage for **claims** made against Kriz in connection with the Underlying Lawsuits or the Criminal Matter, any **claim expenses** advanced under the Policy in

8

connection with such **claims** constitute unjust enrichment to which Kriz would not be entitled. Continental therefore seeks reimbursement of the **claim expenses** advanced under the Policy that were unjustly received in connection with the Underlying Lawsuits or the Criminal Matter.

## COUNT III

### For a Declaration that Other Policy Terms and Conditions Bar or Limit Coverage for the Underlying Lawsuits

42. Continental realleges and incorporates by reference Paragraphs 1-30 of this Complaint as if fully set forth herein.

43. Other terms and conditions of the Policy may ultimately be implicated even if coverage were otherwise available for **claims** related to the Underlying Lawsuits or the Criminal Matter.

44. The Policy affords specified coverage only for **damages**, as that term is defined in the Policy. *See* Policy, Sections I.A & III.E. There is no coverage for amounts incurred in connection with **claims** that fall outside the Policy's definition of **damages**, or for amounts deemed uninsurable as a matter of law or public policy or that are in excess of the limits of liability of the Policy. Continental has reserved its rights under this provision.

45. Nothing in this Complaint should be construed as a waiver by Continental of any other coverage defenses under the Policy and Continental reserves the right to raise all other terms and conditions of the Policy as defenses to coverage as appropriate.

46. Continental is entitled to a declaration that coverage for **claims** related to the Underlying Lawsuits is barred or limited as set forth above.

WHEREFORE, Continental respectfully requests that this Court:

A.  Declare that Continental has no coverage obligations for any **claims** related to the Underlying Lawsuits and/or the Criminal Matter because, under Policy Section I.A.3, the Policy affords no coverage for such **claims**;

B.  Enter a judgment that Kriz is obligated to repay any amounts paid on his behalf by Continental under the Policy in connection with any **claims** related to the Underlying Lawsuits and/or the Criminal Matter because, under Policy Section I.A.3, the Policy affords no coverage for such **claims**;

C.  Declare that Continental has no coverage obligations for any **claims** related to the Underlying Lawsuits and/or the Criminal Matter because Exclusion IV.A in the Policy bars coverage;

D.  Enter a judgment that Kriz is obligated to repay any amounts paid on his behalf by Continental under the Policy in connection with **claims** related to the Underlying Lawsuits and/or the Criminal Matter because Exclusion IV.A bars coverage;

E.  Declare that, for the reasons set forth in Count III and to the extent that coverage for **claims** under the Policy is not otherwise barred, coverage for **claims** related to the Underlying Lawsuits and/or the Criminal Matter is barred or limited by the other provisions of the Policy;

F.  Award Continental its fees and costs incurred herein; and

G.  Award Continental all other relief to which it may be entitled.

Respectfully submitted,

Dated: May 22, 2009
Of Counsel:

By: _____
Paul G. Roche (ct27130)
Litchfield Cavo LLP
40 Tower Lane, Suite 200
Avon, CT 06001-1422
(860) 255-5594
(860) 255-5566 (facsimile)

Richard A. Simpson
rsimpson@wileyrein.com
Charles C. Lemley
clemley@wileyrein.com
Lena Mirilovic
lmirilovic@wileyrein.com
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
(202) 719-7000
(202) 719-7049 (facsimile)

*Attorneys for Plaintiff Continental Casualty Company*

11